**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| RAUL ZAMORA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Cause No. CV 16-695JCH/GBW |
| | § | CR 97-488 JCH |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**MR. ZAMORA'S OBJECTIONS TO MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

RAUL ZAMORA, Plaintiff in the civil action, Defendant in the criminal action and movant in both causes, by and through the undersigned appointed counsel, Marc H. Robert, Assistant Federal Public Defender, submits the following objections to the Proposed Findings and Recommended Disposition (PFRD) filed by the Magistrate Judge in this cause, and in support of his motion for relief and his objections would respectfully show the Court as follows:

1.      Mr. Zamora, through counsel, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [CV Doc. 1, CR Doc 112]. The parties have briefed their respective positions since the filing of Mr. Zamora's motion [CV Docs. 3, ; CR Docs 115, ]. On June 29, 2017, the Magistrate Judge filed the PFRD, which recommends dismissal of Mr. Zamora's motion for lack of jurisdiction because the motion was not timely filed [Doc. 15]. Mr. Zamora's objections are timely if filed on July 20, 2017 [Doc. 17]. The district court should reject the PFRD, find that Mr. Zamora's motion was timely filed and grant the relief

requested in Mr. Zamora's motion.  Mr. Zamora's claim is based on the right recognized in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Johnson* controls this case. Mr. Zamora's motion was thus timely because it was filed within one year of *Johnson*.

**THE RULE ANNOUNCED IN *JOHNSON*, WHICH ANNOUNCED THE ONLY NEW RULE RELEVANT TO MR. ZAMORA'S CLAIM.**

2.     The plain language of § 2255(f)(3) renders a claim timely if it is filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]"  Mr. Zamora's claim meets the § 2255(f)(3) standard because it was filed within one year of the date on which the Supreme Court first announced in *Johnson* that the ACCA residual clause is unconstitutionally vague.  There is no dispute that *Johnson* announced a new rule, and the Supreme Court held in *Welch v. United States* that *Johnson* is retroactive to cases on collateral review.  136 S. Ct. 1257, 1265.  The PFRD"s determination on timeliness depends on the notion that the controlling rule is not *Johnson*, but some yet-to-be announced rule.  The PFRD suggests that finding a non-ACCA sentence unconstitutional would "extend" *Johnson*, thus creating another "new" rule that has not been announced by the Supreme Court.  Contrary to the Magistrate Judge's conclusion the "right" Mr. Zamora asserts is the right "initially recognized by the Supreme Court" in *Johnson*, 28 U.S.C. § 2255(f)(3); namely, that the ACCA's residual clause is "vague in all its applications."  135 S. Ct. 2561.  Determining whether the unconstitutional residual clause in the ACCA impacted Mr. Zamora's career offender under the mandatory guidelines sentence

is not an "extension" of *Johnson*.  It is the rule announced in *Johnson*.  Any holding applying *Johnson* to the mandatory guidelines would merely apply the rule of *Johnson*, not create a new one.

3.     "[A] case does not announce a new rule, when it is merely an application of the principle that governed a prior decision." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (citing *Teague v. Lane*, 489 U.S. 288, 307 (1989)); *see also Stringer v. Black*, 503 U.S. 222, 228-29 (1992) (holding that *Maynard v. Cartwright*, 486 U.S. 356 (1988), which held an Oklahoma aggravating factor unconstitutionally vague under the Eighth Amendment, was not a new rule but merely an application of *Godfrey v. Georgia*, 446 U.S. 420 (1980), which held the "somewhat different" language of a Georgia aggravating factor unconstitutionally vague); *Yates v. Aiken*, 484 U.S. 211, 217 (1988) (holding *Francis v. Franklin*, 471 U.S. 307 (1985) was not a new rule but "merely an application of the principle that governed our decision in" *Sandstrom v. Montana*, 442 U.S. 510 (1979), in which the question was "almost identical").

4.     As the Ninth Circuit has explained, "[a] new rule is a rule that 'breaks new ground,' 'imposes a new obligation on the States or the Federal Government,' or is otherwise 'not dictated by precedent existing at the time the defendant's conviction became final.'" *Ezell v. United States*, 778 F.3d 762, 766 (9th Cir.), *cert. denied*, 136 S. Ct. 256, 193 L. Ed. 2d 212 (2015).  In *Ezell*, the Ninth Circuit held that the Supreme Court's ruling in *Descamps v. United States*, 133 S. Ct. 2276 (2013), was not a new rule because, even though *Descamps* admittedly abrogated Ninth Circuit precedent regarding application of the modified categorical approach, the Court stated that it was merely "reaffirming" its prior interpretation of the ACCA.  *Id.*

The Magistrate Judge's conclusion regarding § 2255(f)(3) confuses the "right" asserted, with the application of a recognized principle.  However, the timeliness of a *Johnson* claim is distinct from its merits.  *See Dodd v. United States*, 545 U.S. 353 (2005) ("[I]f [the Supreme Court] decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion.").  The Magistrate Judge would appear to read *Johnson* to hold that a sentence imposed under the ACCA must be vacated if it was imposed in reliance upon the residual clause. In reality, the holding of *Johnson* is much simpler; it held the residual clause of the ACCA void for vagueness.  *Welch*, 136 S. Ct. at 1260-61.  Determining that a previously imposed sentence must be vacated pursuant to *Johnson* does not create a "new rule" in each new factual context; it merely applies the principle already recognized.  The Magistrate Judge's conclusion is further diminished by *Johnson* itself, which announced that the residual clause is "vague in all its applications" *id.* at 2561, and that any use of the residual clause to increase a defendant's sentence violates due process.

5.    Likewise, district courts have deemed timely claims seeking to apply the rule from *Johnson* to vacate sentences imposed under the substantially similar residual clause in 18 U.S.C. § 924(c). *See Percy v. United States*, No. CV1602066PHXDGCDMF, 2017 WL 2859761, at *4 (D. Ariz. Apr. 13, 2017), *report and recommendation adopted sub nom. Percy v. USA*, No. CV-16-02066-PHX-DGC, 2017 WL 2838469 (D. Ariz. July 3, 2017) ("Because Movant filed his Petition within the one-year period after *Johnson*, and the Ninth Circuit has extended the holding in *Johnson* to 18 U.S.C. § 16, and further because the Ninth Circuit has

stated it interprets sections 16 and 924(c) in the same manner, the Magistrate Judge recommends the Petition be found filed timely."); accord *Bolar v. United States*, No. C16-986RSL, 2017 WL 1543166, at \*5 (W.D. Wash. Apr. 28, 2017).

6.    In *Reid v. United States*, ___ F. Supp. 2d ___, 2221188 WL 2017 (D. Mass., May 18, 2017), the district judge concluded that *Johnson* and *Beckles* provided a basis for relief to one sentenced, as was Mr. Zamora, under the career offender provisions of the pre-*Booker* mandatory guidelines.

> Because Beckles itself makes clear that its holding does not govern sentences imposed under the non-advisory, pre–<u>Booker</u> sentencing regime, and because the logic of the <u>Johnson</u> decisions makes them fully applicable in a pre–<u>Booker</u>, mandatory Guidelines context, the court will allow Defendant's motion to correct his sentence and set the case for re-sentencing. \* \* \*

> [I]t could hardly be clearer that <u>Beckles</u> does not bar Petitioner's claim for relief under 28 U.S.C. § 2255 regarding a sentence imposed prior to Booker under the then-mandatory Career Offender provisions of the Sentencing Guidelines.

*Reid* at \*1 and \*4.  Judge Ponsor rejected a procedural argument raised by the government regarding the timeliness of the defendant's motion seeking relief under *Johnson*.  *Reid* at \*5.

> In sum, <u>Beckles</u> does not apply to pre–<u>Booker</u> sentences imposed under the mandatory Sentencing Guidelines. The Supreme Court's <u>Johnson</u> precedents make clear now that the court's employment of the Career Offender provisions of the Guidelines at the 2004 sentencing violated the Due Process Clause of the Fifth Amendment. No other argument offered by the government in opposition to Petitioner's claim for relief has merit. Petitioner is therefore entitled to re-sentencing.

*Reid* at \*5.  Mr. Zamora is likewise entitled to relief and resentencing.

7. In *United States v. Walker*, 2017 WL 3034445 (N.D. Ohio, July 18, 2017), the district court reached the same conclusion and granted the defendant's motion. Mr. Walker had also been sentenced as a career offender under the pre-*Booker* mandatory guidelines.[1]

8. In *United States v. Tunstall*, 2017 WL 2619336 (W.D. Ohio, June 16, 2017) (Report and Recommendation of Magistrate Judge), the Magistrate Judge decided that a defendant who had been convicted of bank robbery and sentenced as a career offender under mandatory guidelines, just like Mr. Zamora, was entitled to relief as a result of the 2015 *Johnson* decision.

> *Johnson* plainly embodies a new rule because to decide it, the Supreme Court had to overrule its own precedent in point, *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011). Moreover, that Court has also decided the *Johnson* rule is substantive and therefore applicable on collateral review. *Welch*, *supra*. Finally, the Sixth Circuit has decided that *Johnson* renders the residual clause of the Guidelines unconstitutionally vague. *Pawlak*, *supra*. In *Embry*, the Sixth Circuit anticipated a decision from the Supreme Court in *Beckles* as to whether the vagueness doctrine applies to the advisory Guidelines. 831 F.3d at 378. While the Supreme Court did decide in *Beckles* that the vagueness doctrine does not apply to the post-*Booker* advisory Guidelines, it did so in a way that left open whether that doctrine applies to the pre-*Booker* mandatory Guidelines.

As the *Tunstall* Report and Recommendation says in rejecting a similar procedural argument:

> The United States also argues Defendant's § 2255 Motion is barred by the doctrine of *Teague v. Lane*, 489 U.S. 288 (1989) (Response, ECF No. 78, PageID 447-55). The Magistrate Judge disagrees. The Supreme Court itself has held *Johnson* enunciates a new substantive rule applicable on collateral review. *Welch*, *supra*. The residual clause language in the Career Offender Guidelines and in the ACCA are textually identical. Because the pre-*Booker* mandatory

---

[1] In *United States v. Autrey*, ___ F.Supp.2d ___, 2017 WL 2646287 (E.D. Virginia, June 19, 2017), the district court reached a similar conclusion to that reached by the Magistrate Judge in the instant case.

Sentencing Guidelines are sufficiently statute-like to be subject to vagueness analysis, *Johnson* applies directly: there is no need to wait for further Supreme Court analysis explicitly extending *Johnson* to the pre-*Booker* Guidelines.

9.      In the District of New Mexico, another Magistrate Judge concluded that *Johnson* would provide relief to a defendant sentenced under the mandatory guidelines.  In *United States v. Sarracino*, CR-95-210 MCA, CV 16-734 MCA/CG [Doc. 16], the PFRD concluded that the rule announced in *Johnson* applies to relief sought from a career offender sentence imposed pursuant to the mandatory, pre-*Booker* guidelines.  The Magistrate Judge in that case rejected the timeliness argument raised by the government.[2]

10.      In invalidating the ACCA residual clause, identical to the same clause in the mandatory guidelines under which Mr. Zamora was sentenced, the Supreme Court in *Johnson* said that a statute containing an element that was impermissibly vague was unconstitutional. In *Beckles*, the Court distinguished between those things which had the effect of law and those things, like the advisory guidelines, which did not.  The *Beckles* Court, affirmatively and repeatedly, noted that the reason that the advisory guidelines involved in that case did not violate the "vagueness doctrine" was that the advisory guidelines "merely guide the district courts' discretion".  *Beckles*, ___ U.S. ___, 137 S.Ct. 886, 894 (2017).

11.      In the PFRD filed on June 16, 2017, the Magistrate Judge noted that the parties agree that Mr. Zamora "was not convicted of at least two predicate offenses which would qualify as 'crimes of violence' under either the 'elements clause' or the 'enumerated offenses'

---

[2]  The Magistrate Judge in *Sarracino* concluded that, because the defendant's convictions in that case qualified as career offender predicates notwithstanding the invalidated residual clause and ultimately denied the defendant's requested relief.

clause of U.S.S.G. § 4B1.2(a)(2)." PFRD at 5. There is no debate as to whether Mr. Zamora's motion was filed within one year of the Supreme Court's decision in *Johnson v. United States* U.S. (2015). There is no question that the application of the rule announced in *Johnson* announced a rule that entitles Mr. Zamora to the relief he has requested.

12.    The parties raised various arguments in the numerous briefs filed in connection with Mr. Zamora's motion. Those arguments are, for the most part, not addressed here, since the PFRD bases its recommended disposition on the timeliness issue. Mr. Zamora does not waive any of his arguments in support of his motion previously advanced in the briefing in this Court.

## CONCLUSION

13.    Mr. Zamora's motion was timely filed within one year of the Supreme Court's announcement of the new rule that gives rise to the requested relief. The PFRD should be rejected. The only basis upon which the PFRD urges dismissal of Mr. Zamora's motion is without merit. Mr. Zamora's motion should be granted, and he should be resentenced within the appropriate guideline sentencing range at the Court's earliest convenience.

**WHEREFORE**, for the foregoing reasons, RAUL ZAMORA, Plaintiff, Defendant, and movant in these causes, respectfully prays that the Court enter an order which does not follow the PFRD, granting the Mr. Zamora's motion for relief and resentencing, and providing for such other and further relief to which the Court may find Mr. Zamora to be justly entitled.

Respectfully Submitted,

FEDERAL PUBLIC DEFENDER
111 Lomas Blvd NW, Suite 501
Albuquerque, New Mexico 87102
(505) 346-2489
Fax (505) 346-2494

  */s/ Marc H. Robert*
MARC H. ROBERT
Assistant Federal Public Defender
marc_robert@fd.org

*Counsel for Mr. Zamora*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Objections to Proposed Findings and Recommended Disposition was served on Assistant United States Attorney Eva Fontanez by operation of the Court's CM/ECF electronic filing system and pursuant to the CM/ECF Administrative Procedures Manual §§ 1(a), 7(b)(2), on July 20, 2017.

  */s/ Marc H. Robert*
MARC H. ROBERT