IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RAUL ZAMORA,

    Petitioner,

v.                                                  No.    CV 16-695-JCH-GBW
                                                                         CR 97-488-JCH

UNITED STATES OF AMERICA,

    Respondent.

## ORDER OVERRULING PETITIONER'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION, AND DENYING PETITIONER'S MOTION

This matter comes before the Court on Petitioner's Objections to the Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 18*).[1] Being fully advised, the Court will overrule the objections, adopt the Proposed Findings and Recommended Disposition ("PFRD") (*doc. 15*), and deny Petitioner's Emergency Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (*doc. 1*) as untimely.

**I.    BACKGROUND**

On July 21, 1998, Petitioner was convicted by a jury of Attempted Armed Bank Robbery in violation of 18 U.S.C. § 2113(a) and (d), as charged in Count I of the two-count first superseding indictment. *Cr. docs. 60, 94*.

The United States Probation Office prepared a presentence report ("PSR") to aid

---

[1] Citations to "*doc.*" refer to docket numbers filed in Case No. 16-CV-695-JCH-GBW. Citations to "*cr. doc.*" refer to the attendant criminal docket, Case No. 97-CR-488-JCH. For filings made on both dockets, only the civil docket number is given.

the Court in sentencing. The PSR classified Petitioner as a career offender pursuant to U.S.S.G. § 4B1.1, increasing the applicable mandatory sentencing range to 262-367 months. PSR ¶¶ 35, 64; *see also* U.S.S.G. § 4B1.1(b). Without the career offender enhancement, the applicable sentencing guideline range would have been 100-125 months. PSR ¶ 63.

The Probation Office deemed the career offender enhancement applicable based on its determination that both Petitioner's instant offense of attempted armed bank robbery as well as three of Petitioner's prior convictions constituted "crimes of violence" under the definition found in U.S.S.G. § 4B1.2(a)(2),[2] thus triggering the sentencing enhancement.[3] PSR ¶¶ 35, 64. These three prior convictions included: (1) a 1988 conviction for Attempt to Commit Aggravated Assault with a Deadly Weapon; (2) a 1991 conviction for False Imprisonment; and (3) a 1992 conviction for False Imprisonment, Aggravated Assault, and Robbery. PSR ¶ 64.[4]

At the sentencing phase, the Court rejected several of Petitioner's arguments

---

[2] This provision was amended on August 1, 2016. The amendment deleted the residual clause discussed herein from the definition of "crime of violence." The remainder of the definition remained the same. Because it is the relevant provision, citations to U.S.S.G. § 4B1.2(a)(2) refer to the pre-2016 amendment version.

[3] The predicate convictions also satisfied the additional requirements of U.S.S.G. § 4B1.1(c).

[4] As the Magistrate Judge discussed in his PFRD, the PSR was later revised pursuant to Petitioner's objection that the 1998 offense was a misdemeanor rather than a felony. *Doc. 9* at 3; *see also cr. doc. 100* at 3; *cr. doc. 101* at 5; *cr. doc. 142* at 10. However, the revision did not alter Petitioner's classification as a career offender under the guidelines, as the relevant provision requires only two prior "crime of violence" convictions to trigger its application. *See* U.S.S.G. § 4B1.1(a). Since the 1991 and 1992 offenses were still considered valid prerequisites to trigger the enhancement, the applicable mandatory guideline sentencing range of 262-327 months of imprisonment remained the same, notwithstanding the revision to the PSR. *See cr. doc. 142* at 12-13.

2

seeking a downward departure and accepted 262-367 months as the applicable sentencing guideline range. Accordingly, the Court sentenced Petitioner to 262 months of imprisonment followed by a three-year period of supervised release. *See cr. doc. 102* at 10; *cr. doc. 142* at 13. Significant to the present motion, Petitioner was sentenced in 1998, prior to the Supreme Court's decision in *United States v. Booker*, which made the sentencing guidelines "effectively advisory." 543 U.S. 220, 245, 258-65 (2005). Therefore, the sentencing judge had limited authority to depart from the sentencing range dictated by the guidelines.

At the time of Petitioner's sentencing, the guidelines defined "crime of violence" as follows:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2(a) (1997) (emphasis added).

The italicized portion above is central to resolving Petitioner's motion. This language is identical to what is known as the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), which the Supreme Court struck down as unconstitutionally vague in *United States v. Johnson*, 135 S. Ct. 2551 (2015). The Supreme Court announced that *Johnson* would apply retroactively on collateral review

3

in *Welch v. United States*, reasoning that *Johnson* announced a substantive new rule. 136 S. Ct. 1257, 1264-65 (2016). As the same "residual clause" language of 18 U.S.C. §924(e)(2)(B) appears in numerous other iterations throughout the United States Code and in the United States Sentencing Guidelines, the *Johnson* decision has generated a mountain of jurisprudence devoted to examining which—if any—of these doppelgängers falls under the umbrella of the "new rule" announced in *Johnson*.

Complicating matters further, a *habeas* petition brought pursuant to 28 U.S.C. § 2255 is only timely if it is brought within one year of the later of:

(1) the date on which the judgment of conviction becomes final; [or]

. . .

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

*Id.* § 2255(f).[5] Moreover, "[a] district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996).[6]

---

[5] The statute provides for two other potential time triggers, but they are rarely invoked and not relevant here. *See* 28 U.S.C. § 2255(f)(2), (f)(4).

[6] In his PFRD, the Magistrate Judge asserted that the timeliness requirement is jurisdictional. *See doc. 15* at 7. The Court will not adopt that conclusion because, while a habeas petition must be timely to obtain relief, the § 2255(f) deadlines are subject to equitable tolling. *See United States v. Gabaldon*, 522 F.3d 1121 (10th Cir. 2008); *see also Pough v. United States*, 442 F.3d 959, 965 (6th. Cir 2006) (a court may resolve a § 2255 motion on its merits without first addressing whether the motion is timely). However, neither party objected to that portion of the Magistrate Judge's PFRD, and Petitioner does not argue that he is entitled to equitable tolling. *See generally docs. 18, 21*. Instead, both parties agree that the timeliness of Petitioner's motion hinges on whether *Johnson* recognized the right asserted by Petitioner. Therefore, although the Court does not adopt that legal conclusion in the PFRD, it has no bearing on the resolution of the present

Therefore, a petitioner such as Mr. Zamora, who is seeking the benefit of the *Johnson* rule whose sentence was not enhanced pursuant to the ACCA, but whose conviction became final more than a year prior to the filing of his petition, must overcome the additional hurdle of proving his petition to be timely under § 2255(f)(3) by showing that *Johnson* newly recognized—and *Welch* made retroactively applicable—the right on which his petition relies.

Petitioner presents the Court with a challenge in that vein, arguing that the offenses of false imprisonment and robbery under New Mexico law are only crimes of violence pursuant to the residual clause of U.S.S.G. § 4B1.2(a), which he asserts is unconstitutional under the "new rule" announced in *Johnson*. *Doc. 1* at 14-15, 23-24.[7] Petitioner thus asks the Court to apply *Johnson* retroactively to nullify the application of the career offender enhancement to his sentence and to adjust the sentencing guideline range for his Attempted Armed Bank Robbery offense to 100-125 months. *Id.* at 1-2, 24-26.

On June 29, 2017 the Magistrate Judge filed his PFRD. *Doc. 15*. He disagreed that *Johnson* announced a new rule that is applicable to Petitioner's sentence and recommended that the Court find that Petitioner's motion does not qualify as timely

---

motion.

[7] Petitioner also argues in his Motion that his 1988 attempt to commit aggravated assault is no longer a crime of violence. *Doc. 1* at 15-23. However, this offense ultimately did not underlie the application of the career offender enhancement to Petitioner's sentence, and the United States is in accord with Petitioner that this offense does not constitute a "crime of violence" under the guidelines. *See generally doc. 9*; *see also cr. doc. 101* at 5. Therefore, this argument need not be addressed further.

5

under § 2255(f)(3) or any other subsection of § 2255(f).[8] *See id.* at 10-16. The Magistrate Judge rested his recommendation in part on the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). He noted that the Court declined to extend the *Johnson* rule to the residual clause of § 4B1.2(a) of the post-*Booker* advisory sentencing guidelines, and that Justice Sotomayor's concurring opinion expressly stated that the applicability of the *Johnson* rule to the pre-*Booker* mandatory sentencing guidelines was a question left open. *Doc. 15* at 9-11. Thus, the Magistrate Judge concluded that the Supreme Court has not yet newly recognized any right applicable to Petitioner's sentence.

Petitioner filed objections to the PFRD on July 20, 2017. *Doc. 18*. Petitioner objects for the same reasons contained in his motion—namely, that his petition is based on the right recognized in *Johnson*, because the Supreme Court in that opinion held that "the ACCA's residual clause is 'vague in all its applications.'" *Id.* at 2 (quoting 135 S.

---

[8] As the Magistrate Judge discussed in his PFRD, the term "newly recognized" "right" in 28 U.S.C. § 2255(f)(3) differs from the term "new rule of constitutional law" in the gatekeeping provision of *id.* § 2255(h)(2) and from the term "new substantive rules" in *Teague v. Lane*, 489 U.S. 288, 309-13 (1989). *See doc. 15* at 13 n.11. The Court adopts the Magistrate Judge's reasoning for treating the terms interchangeably and will accordingly do so throughout its analysis. *See Headbird v. United States*, No. 15-1468, 2016 WL 682984 (8th Cir. Feb. 19, 2016) (directly discussing the difference in language and collecting cases in support of equating the "newly recognized right" inquiry with the "new rule" inquiry of *Teague*); *see also United States v. Swinton*, 333 F.3d 481, 485 (3d Cir. 2003) (recognizing that "the language is somewhat different" between subsections (h)(2) and (f)(3) of § 2255 but applying its own precedent regarding a "new rule" in the (h)(2) context as controlling on the "new right" question in the (f)(3) context); *see also United States v. Cuong Gia Le*, 206 F. Supp. 3d 1134, 1143-44 (E.D. Va. 2016). *See also Butterworth v. United States*, 775 F.3d 459, 464–65 (1st Cir. 2015), *cert. denied*, 135 S. Ct. 1517 (2015) (using the terms interchangeably in their analysis); *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207–08 (11th Cir. 2012) (same); *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (same); *Peterson v. Cain*, 302 F.3d 508, 510–11 (5th Cir. 2002) (discussing the statutory limitation period of 28 U.S.C. § 2244(d)(1)(C) requiring a "constitutional right . . . newly recognized by the Supreme Court"—also enacted as part of AEDPA—by reference to the pre-existing "new rule" *Teague* jurisprudence).

6

Ct. at 2561). Therefore, Petitioner avers that, contrary to the Magistrate Judge's conclusion, applying *Johnson* to a sentence enhanced under the mandatory guidelines would not be an "extension" of *Johnson* but rather a straightforward or garden-variety application of the right recognized in *Johnson*. *Id.* at 2-4. Petitioner points the Court to five district court cases from various jurisdictions that reached the same conclusion he urges. *Id.* at 4-7.

The United States replied to Petitioner's objections on August 15, 2017, agreeing with the Magistrate Judge's recommended disposition. *Doc. 21*. The United States also distinguishes two of the district court cases relied on by Petitioner and further directs the Court to a significant amount of additional authority supporting the analysis contained in the Magistrate Judge's PFRD. *See id.* at 3-4.

## II. LEGAL STANDARD APPLICABLE TO OBJECTION

Petitioner's Motion (*doc. 1*) was referred to Magistrate Judge Wormuth pursuant to 28 U.S.C. § 636(b)(1)(B). *See doc. 22*. Under that referral provision, the Court's standard of review of a magistrate judge's PFRD is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C). When resolving objections to a magistrate judge's PFRD, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3). The Tenth Circuit has held "that a party's

7

objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When neither party objects to a finding or recommendation, no further review by the district court is required. *See Thomas v. Arn*, 474 U.S. 140, 151-52 (1985). Further, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

### III. ADOPTION OF FINDINGS AND RECOMMENDATIONS WITHOUT OBJECTIONS

Neither party objected to the Magistrate Judge's finding that Petitioner was classified as a career offender solely due to application of the residual clause of U.S.S.G. § 4B1.2(a). *See doc. 15* at 5-6; *see also United States v. Zamora*, 222 F.3d 756, 763 (10th Cir. 2000) (holding, on direct appeal, that Petitioner's previous offense of false imprisonment is a crime of violence under the residual clause). The Court agrees with the analysis of that issue and adopts it. Therefore, if *Johnson* announced a new rule declaring the residual clause of § 4B1.2 of the pre-*Booker* mandatory sentencing guidelines unconstitutional, and *Welch* made that rule retroactively applicable on collateral review, Petitioner's motion would be timely pursuant to § 2255(f)(3).

### IV. ANALYSIS

The parties have extensively briefed differing persuasive authority from various district courts on the timeliness question now before the Court. *See doc. 18* at 4-7; *doc. 21*

at 3-4. Since briefing was completed, three circuit courts have also addressed the issue. The First Circuit sided with Petitioner's position, holding that *Johnson* recognized "exactly the right" that the petitioner before them sought to assert in challenging his mandatorily-enhanced guidelines sentence. *Moore v. United States*, __ F.3d __, 2017 WL 4021654, at *6-*8 (1st Cir. Sept. 13, 2017).

In contrast, the Fourth and Sixth Circuits reached the same conclusion, on the same grounds, as the conclusion recommended by the Magistrate Judge in his PFRD. *See Raybon v. United States*, 867 F.3d 625, 629-31 (6th Cir. 2017); *United States v. Brown*, __F.3d__, No. 16-7056, 2017 WL 3585073, at *4-*6 (4th Cir. Aug. 21, 2017). For the reasons that follow, the Court agrees with the approach taken by the Magistrate Judge and by the Fourth and Sixth Circuit Courts of Appeals. Therefore, Petitioner's motion is untimely and thus subject to dismissal without prejudice.

Petitioner relies heavily on certain language in the *Johnson* decision indicating that the residual clause is "vague in all its applications." *See doc. 18* at 2, 4 (quoting 135 S. Ct. at 2561). Petitioner argues that this dicta indicates that "any use of the residual clause to increase a defendant's sentence violates due process." *Id.* at 4. However, this argument flatly ignores the holding in *Beckles*, which specifically controverted that notion by declining to extend the holding of *Johnson* to the identically-worded residual clause in the advisory sentencing guidelines. *See* 137 S. Ct. at 894. Therefore, *Johnson* cannot stand for the proposition that any language matching the residual clause of the

9

ACCA is unconstitutionally vague if used to enhance a defendant's sentence in any application; such a conclusion is impossible to square with the holding in *Beckles*.

Petitioner's argument also takes out of context the Supreme Court's statement that if a statute is held to be vague, "it is vague in all its applications." *Johnson*, 135 S. Ct. at 2561. The majority opinion immediately thereafter expressly limited its holding by rejecting the argument posited by the United States and the dissent that the *Johnson* holding would call other provisions using language similar to the ACCA's residual clause into constitutional doubt. *See id.* In short, the *Johnson* Court made clear that its holding did not automatically extend to all iterations of the language contained in the residual clause of the ACCA.

More importantly, if the Court were to hold that *Johnson* newly recognized the right which Petitioner now asserts, that conclusion would be at odds with Justice Sotomayor's concurrence in *Beckles*, which expressly states that the question of the applicability of *Johnson* to mandatorily-enhanced guidelines sentences was left open. *See* 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced before our decision in [*Booker*] . . . may mount vagueness attacks on their sentences."). The First Circuit reconciled this apparent contradiction by finding that the question *Beckles* left open was merely "a question of statutory interpretation concerning how mandatory the [Sentencing Reform Act] made

10

the guidelines before *Booker*[,]" *i.e.*, whether the mandatory guidelines are subject to vagueness challenges generally. *See Moore*, 2017 WL 4021654, at *8. Thus, the *Moore* court held that the petitioner was asserting "exactly the right recognized by *Johnson*" by asking the court to first decide that statutory interpretation question in the affirmative, and then to hold that *Johnson* compels the conclusion that the residual clause of § 4B1.2 of the mandatory guidelines is unconstitutionally vague.

However, the Court finds the reasoning of the *Brown* and *Raybon* opinions from the Fourth and Sixth Circuits, respectively, to be more persuasive. The First Circuit puts the cart before the horse in holding that *Johnson* announced a void-for-vagueness rule that is applicable to Petitioner's sentence, when the necessarily antecedent question of whether such mandatorily-enhanced guidelines sentences are *subject to vagueness challenges at all* has not yet been answered. As the Fourth Circuit explained:

> In a future case, the Supreme Court may agree with an argument similar to Petitioner's that because the challenged residual clause looks like ACCA and operates like ACCA, it is void for vagueness like ACCA. But *Beckles* demonstrates that quacking like ACCA is not enough to bring a challenge within the purview of the right recognized by *Johnson*.

*Brown*, 2017 WL 3585073, at *5 (internal citations omitted).

Likewise, the Sixth Circuit explained that "whether [*Johnson*] applies to the mandatory guidelines . . . is an open question" and that "[b]ecause it is an open question, it is *not* a 'right' that 'has been newly recognized by the Supreme Court' let alone one that was 'made retroactively applicable to cases on collateral review.'"

11

*Raybon*, 867 F.3d at 629, 630 (quoting § 2255(f)(3)) (emphasis in original). And as noted by the United States in its reply to Petitioner's objections, a significant majority of the courts that have considered this precise question have reached the same conclusion. *See doc. 21* at 4; *see also Raybon*, 867 F.3d at 631 (collecting cases).

The Court also agrees with the Magistrate Judge's analysis that any future opinion that first holds the mandatory guidelines subject to vagueness challenges, generally, and then strikes down the residual clause of U.S.S.G. § 4B1.2, specifically, as void for vagueness would not be a mere "garden-variety application[]" of the *Johnson* rule. *See doc. 15* at 13-14 (quoting *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013)). Rather, it would be recognizing a new right altogether, and future petitioners seeking the benefit of such a rule should not be foreclosed from doing so on the basis that they failed to timely file their petitions within one year of *Johnson*. Thus, "in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson*'s binding holding, and *Beckles*'s indication that the position advanced by Petitioner remains an open question in the Supreme Court[,]" Petitioner's motion cannot be considered timely under § 2255(f)(3). *Brown*, 2017 WL 3585073, at *5; *see also United States v. Johnson*, 457 U.S. 537, 551 (1982) (explaining that a prior precedent of *Payton v. New York*, 445 U.S. 573 (1980) "did not simply apply settled precedent to a new set of facts" because the *Payton* Court "acknowledged that the 'important constitutional question presented' there had been 'expressly left open in a number of [their] prior opinions.'"). The Court is "constrained

12

from reading between the lines of *Booker*, *Johnson*, and *Beckles* to create a right that the Supreme Court has yet to recognize." *Brown*, 2017 WL 3585073, at *6.

Finally, as the Magistrate Judge discussed in his PFRD, in affirming the judgment of the Eleventh Circuit below, the *Beckles* court uncritically quoted from that court's *per curiam* opinion the explicit assertion that "*Johnson* says and decided nothing about career-offender enhancements under the Sentencing Guidelines[.]" 137 S. Ct. at 891 (quoting *Beckles v. United States*, 616 F. App'x 415, 416 (11th Cir. 2015) (per curiam)). By affirming the Eleventh Circuit's judgment described thusly, the Supreme Court starkly undermined Petitioner's argument that *Johnson* recognized the right he asserts and therefore rendered his motion is timely under § 2255(f)(3). Petitioner's objection to the Magistrate Judge's recommendation that the Court find his petition to be untimely is therefore overruled, and the petition is due to be dismissed as untimely.

V. **PETITIONER'S REQUEST TO HOLD MOTION IN ABEYANCE**

In his Third Supplemental Brief, Petitioner asks the Court to "hold his motion in abeyance pending the Supreme Court's inevitable decision resolving the applicability of *Johnson* in mandatory guidelines cases" if it concluded that his motion is untimely. *Doc. 13* at 3 n.2. Petitioner seeks such relief for fear that he may later be "unfairly precluded from filing what would then be a 'second or subsequent' petition simply because he abided by the timeline dictated by the issuance of the *Johnson* decision." *Id.* The Court agrees with the Magistrate Judge's finding that Petitioner would not be so precluded,

13

because the Court has not adjudicated his present motion on the merits. *See Douglas v. Workman*, 560 F.3d 1156, 1188 n.18 (10th Cir. 2009).

However, Petitioner's concern is well-taken, and the Court does not wish to risk the outcome he fears, despite the case law cited above suggesting his fear is unfounded. Instead of holding the motion in abeyance, however, the Court will dismiss the petition without prejudice to re-filing in the event the Supreme Court issues a decision announcing that (1) the pre-*Booker* mandatory sentencing guidelines are subject to vagueness challenges; and (2) *Johnson* applies to invalidate the residual clause of § 4B1.2(a)(2) of the mandatory sentencing guidelines. *See United States v. Juarez-Sanchez*, 223 F. App'x 348, 349-50 (5th Cir. 2007) (unpublished).

## VI. CERTIFICATE OF APPEALABILITY

The Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant can satisfy this standard by demonstrating that the issues raised are debatable among jurists, a court could resolve the issues differently, or the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In light of the existing circuit split on the precise issue controlling the present disposition of Petitioner's motion, the Court will grant a COA.

## VII. CONCLUSION

Petitioner has failed to persuasively establish that *Johnson* recognized the right he asserts and that such right was made retroactive, as necessary for his petition to be considered timely. 28 U.S.C. § 2255(f)(3). The right asserted by Petitioner is that procedural due process prohibits enhancing his sentencing guideline range pursuant to the residual clause of the "crime of violence" definition in § 4B1.2(a)(2) of the guidelines because that clause is void for vagueness. However, an essential component of such a right is that sentencing guidelines are subject to a void-for-vagueness challenge generally. *Johnson* simply does not recognize that premise. As such, it cannot recognize the right asserted. The petition is therefore untimely and due to be dismissed.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Petitioner's objections (*doc. 18*) are OVERRULED;

(2) The Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 15*) is ADOPTED IN PART;[9]

(3) Petitioner's Emergency Motion to Vacate and Correct Sentence Pursuant to 28 U.S.C. § 2255 (*doc. 1*) is DENIED but DISMISSED WITHOUT PREJUDICE to re-filing in the event the Supreme Court issues a decision recognizing the right on which he now relies; and

(4) A certificate of appealability is GRANTED.

Judith C. Herrera
United States District Court Judge

---

[9] For reasons already discussed, the Court does not adopt the Magistrate Judge's recommendation that the Court dismiss Petitioner's motion for lack of jurisdiction. *See supra* p. 4, n.6. The Court adopts the PFRD in all other respects.